CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 03 2013
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal Action No. 5:10CR00037 |
| ) | Civil Action No. 5:12CV80545 |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| STACEY LANE FISHER, ) | |
| ) | By: Hon. Glen E. Conrad |
| Defendant. ) | Chief United States District Judge |

Defendant Stacey Lane Fisher, a federal inmate proceeding pro se, has moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the reasons that follow, the defendant's motion will be denied.

## Background

On January 28, 2010, a search warrant was executed at Fisher's residence in Waynesboro, Virginia. During the search, law enforcement officers seized more than 140 grams of actual methamphetamine, multiple rounds of ammunition, $2,626.00 in United States currency, digital scales, and three surveillance cameras. Fisher voluntarily waived his Miranda[1] rights and agreed to speak with officers. Fisher admitted that the methamphetamine and some of the ammunition belonged to him and that he intended to distribute the methamphetamine. Fisher also admitted that he had been distributing methamphetamine for five months and that the currency was from his methamphetamine sales.

Fisher was subsequently charged in a two-count indictment returned by a grand jury in the Western District of Virginia. Count One charged him with possession with intent to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Count Two charged him with possession of ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). The indictment also contained a

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

forfeiture allegation. Shortly thereafter, the government provided notice, as required by 21 U.S.C. § 851, of its intent to seek an enhanced sentence under § 841(b)(1)(A), based on Fisher's prior felony conviction for possession of methamphetamine.

On March 17, 2011, Fisher entered pleas of guilty to both counts of the indictment, pursuant to a written plea agreement. Under the terms of the plea agreement, Fisher stipulated that he had been convicted of the felony offense listed in the § 851 notice, and that the prior conviction subjected him to increased statutory penalties. Fisher also acknowledged that the government "retain[ed] all of its rights pursuant to Fed. R. Crim. P. 35(b), U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e)," but that it was "under no obligation to make a motion for the reduction of [his] sentence." (Plea Ag. at 4.) Fisher agreed to forfeit the currency, ammunition, and surveillance cameras seized during the search of his residence. He also agreed to waive his right to appeal as to any issues except those for which an appeal cannot be lawfully waived. (Id. at 8.) Fisher likewise agreed to waive his right to collaterally attack his convictions or sentence unless such attack is based on ineffective assistance. (Id.)

During the plea hearing conducted pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the magistrate judge established that Fisher possessed the capacity to make a voluntary, intelligent, and informed plea. (Plea Hearing Tr. at 4-6.) The magistrate judge also established that the defendant understood the charges to which he was pleading guilty, as well as the purpose of the Rule 11 proceeding. (Id. at 6-7.)

The magistrate judge instructed the Assistant United States Attorney ("AUSA") to review the salient portions of the plea agreement that Fisher had reached with the government. In response, the AUSA outlined several sections of the plea agreement, including the section

summarizing the enhanced statutory penalties that Fisher faced upon conviction. (Id. at 11.) The AUSA also explained the forfeiture provision of the plea agreement and the waivers of appellate and collateral attack rights. (Id. at 14-15.) Upon being asked if the AUSA's summary of the plea agreement was consistent with his own understanding of the agreement, Fisher responded in the affirmative. (Id. at 18.)

The magistrate judge then inquired as to whether Fisher was voluntarily pleading guilty. In response to questions from the magistrate judge, the defendant confirmed that no one had made any promises or representations regarding the disposition of the case other than those set forth in the plea agreement; that no one had attempted to coerce, force, or compel him to plead guilty; and that he was pleading guilty because he was, in fact, guilty of the offenses with which he was charged. (Id. at 19, 28.)

The magistrate judge also discussed the plea agreement's forfeiture provision and its waivers of appellate and collateral attack rights. When asked if he understood the provisions, Fisher responded in the affirmative. (Id. at 25-26.) Fisher's attorney also noted that he had explained to Fisher that he might have the opportunity to earn a substantial assistance motion, but that "the government doesn't have an obligation to make any motion." (Id. at 21.)

Fisher confirmed that he had, in fact, possessed with intent to distribute 50 grams or more of actual methamphetamine, as charged in Count One of the indictment, and that he had, in fact, possessed ammunition after having been convicted of a felony, as charged in Count Two of the indictment. (Id. at 28). Having found that Fisher's pleas of guilty were knowingly and voluntarily made, the magistrate judge issued a report recommending that the court accept

Fisher's pleas of guilty and that he be adjudged guilty of both offenses. The court entered an order adopting the report and recommendation on May 31, 2011.

Prior to the sentencing hearing, a probation officer prepared a presentence investigation report. Based on information provided by Fisher and the case agent, the probation officer determined that Fisher was responsible for distributing no less than 32 ounces of actual methamphetamine and, thus, subject to a base offense level of 36 under the United States Sentencing Guidelines.[2] Additionally, Fisher received a three-level reduction for acceptance of responsibility, resulting in a total offense level of 33. When combined with a criminal history category of III, Fisher's total offense level gave rise an advisory Guidelines range of imprisonment of 168 to 210 months. However, because Fisher was subject to a mandatory minimum term of imprisonment of twenty years under 21 U.S.C. § 841(b)(1)(A), his Guidelines range became 240 months. See U.S.S.G. § 5G1.1(b).

The court conducted Fisher's sentencing hearing on June 21, 2011. Upon confirming that neither side had any objections to the presentence investigation report, the court adopted the report and announced that Fisher was subject to a mandatory minimum period of incarceration of 240 months. The court ultimately imposed a 240-month term of imprisonment.

Fisher noted a timely appeal. However, his appeal was later voluntarily dismissed, pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure.

On December 10, 2012, Fisher executed the instant motion to vacate under 28 U.S.C. § 2255. The motion has been fully briefed and is ripe for review.

---

[2] Under the Guidelines, a base offense level of 36 applies to offenses involving at least 500 grams but less than 1.5 kilograms of actual methamphetamine. One ounce converts to 28.35 grams. See U.S.S.G. § 2D1.1(c), app. n. 10. Therefore, 32 ounces convert to 907.2 grams.

4

## Discussion

In moving to vacate his convictions and sentence, Fisher asserts claims of ineffective assistance of counsel. Specifically, Fisher alleges that his attorney was ineffective in (1) failing to argue that the court erred in finding the applicable drug quantity by a preponderance of the evidence; (2) failing to request an evidentiary hearing to determine whether the government improperly refused to file a substantial assistance motion; (3) advising the defendant to plead guilty and sign an ambiguous plea agreement; and (4) advising the defendant to agree to the waivers set forth in the plea agreement

Claims of ineffective assistance are reviewed under the standard enunciated by the Supreme Court of the United States in Strickland v. Washington, 466 U.S. 668 (1984). In order to succeed on such a claim, a defendant must show: (1) that his "counsel's performance was deficient," and (2) that "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. With respect to the first prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. With respect to the second, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id.

### I. Drug Quantity

Fisher first claims that his attorney was ineffective in failing to argue that the court erred in using the preponderance of the evidence standard to determine the quantity of methamphetamine attributable to him. This claim is without merit. In calculating a defendant's advisory Guidelines range, the court "must make relevant factual findings based on the court's view of the preponderance of the evidence." United States v. Young, 609 F.3d 349, 357 (4th Cir.

5

2010). Such findings include the quantity of drugs attributable to the defendant. See United States v. Brooks, 524 F.3d 549, 560 n.20 (4th Cir. 2008) (noting that "a sentencing court is free to calculate the advisory Guidelines range using facts that it finds by a preponderance of the evidence, including individualized drug quantities"). Accordingly, the court did not err in applying the preponderance of the evidence standard, and Fisher's attorney did not act unreasonably in failing to make such argument. Additionally, because Fisher was subject to a mandatory minimum term of imprisonment of 240 months under 21 U.S.C. § 841(b)(1)(A), and the court imposed the mandatory minimum term, Fisher is unable to demonstrate prejudice under Strickland.

## II. Substantial Assistance

Fisher next claims that his attorney erred in failing to request an evidentiary hearing to determine whether the government improperly refused to file a substantial assistance motion. Under existing precedent, a defendant is not entitled to an evidentiary hearing unless he makes "a substantial threshold showing" that the refusal resulted from improper or suspect motives. Wade v. United States, 504 U.S. 181, 186 (1992). "Mere allegations of unconstitutional motives on behalf of the prosecutor are not enough to carry this burden." United States v. LeRose, 219 F.3d 335, 342 (4th Cir. 2000).

In this case, Fisher does not allege, much less claim to have evidence tending to show, that the government refused to file a substantial assistance motion for suspect reasons such as his race or his religion. Consequently, Fisher is unable to establish that his attorney acted unreasonably in failing to request an evidentiary hearing on this issue, or that he suffered any resulting prejudice.

### III. Guilty Pleas

Fisher's final ineffective assistance claims relate to his pleas of guilty. As set forth above, Fisher asserts that his attorney was ineffective in advising him to plead guilty to the charges in the indictment. Fisher also asserts that his attorney was ineffective in advising him to sign an "ambiguous" plea agreement and to agree to the waivers set forth in the agreement. For the following reasons, the court concludes that Fisher's remaining claims fail under both prongs of the Strickland test.

First, Fisher is unable to establish the deficient performance component as to any of his remaining claims. While Fisher alleges that his plea agreement was "ambiguous," he fails to offer any argument or evidence to support this conclusory assertion. Moreover, the transcript from the Rule 11 proceeding establishes that Fisher understood the charges to which he pled guilty, the enhanced statutory penalties that he faced upon conviction, and the pertinent terms of the plea agreement, including the waivers of appellate and collateral attack rights. Such waivers, which have become routine components of plea agreements in the Western District of Virginia, have been upheld by the United States Court of Appeals for the Fourth Circuit. See United States v. Tronco-Ramirez, 490 F. App'x 522, (4th Cir. 2012) ("Generally, if a court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable.") (citing United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005)); see also United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) (holding that "a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary"). Accordingly, there is no merit to Fisher's argument that it was objectively unreasonable for his attorney to advise him to accept a plea

7

agreement including such waivers. Additionally, given the overwhelming evidence against him, Fisher cannot show that his attorney acted unreasonably in advising him to plead guilty to the offenses charged in the indictment.

In his reply brief, Fisher also alleges that his attorney's advice was deficient, because his pleas of guilty precluded him from challenging the constitutionality of 21 U.S.C. § 841 and from raising a double jeopardy argument. However, these additional allegations fare no better. The Fourth Circuit has "repeatedly . . . found that § 841 is constitutional." United States v. Thompson, 69 F. App'x 655, 656 (4th Cir. 2003) (citing cases). Additionally, contrary to Fisher's conclusory assertions, neither his conviction under 18 U.S.C. § 922(g)(1) nor the forfeiture of the drug proceeds, ammunition, and surveillance cameras, subjected him to double jeopardy. See United States v. Spencer, No. 12-4470, 2013 U.S. App. LEXIS 7245, at *1 (4th Cir. Apr. 10, 2013) (concluding that the defendant's double jeopardy challenge to his § 922(g)(1) conviction was unavailing under the principles established in Blockburger v. United States, 284 U.S. 299, 304 (1932)); see also United States v. Garcia, No. 94-5117, 1996 U.S. App. LEXIS 1882, at *46 (4th Cir. Feb. 9, 1996) (rejecting the defendant's double jeopardy challenge to his sentence and the district court's forfeiture order, and emphasizing that "the Double Jeopardy Clause does not prevent the Government from seeking 'the full range of statutorily authorized criminal penalties in the same proceeding'") (quoting United States v. Halper, 490 U.S. 435, 550 (1989)).

The court further concludes that Fisher is unable to satisfy the prejudice prong of the Strickland test. In the context of a guilty plea, a defendant can show prejudice only by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded

guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). To satisfy this element, a defendant "must convince the court" that such a decision "would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 130 S. Ct. 1473, 1485 (2010). Accordingly, the defendant's "subjective preferences . . . are not dispositive; what matters is whether proceeding to trial would have been objectively reasonable in light of all of the facts." United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012); see also Pilla v. United States, 668 F.3d 368, 373 (6th Cir. 2012) ("Pilla cannot [establish prejudice] by merely telling us now that she would have gone to trial then if she had gotten different advice. The test is objective, not subjective . . . .").

In this case, the government possessed overwhelming evidence demonstrating that Fisher had violated 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 922(g)(1). By agreeing to plead guilty to the charges, Fisher received a three-level reduction for acceptance of responsibility, which lowered his total offense level and his applicable Guidelines range of imprisonment. Without the reduction, his Guidelines range would have been 240 to 293 months. On this record, Fisher cannot show that declining the government's plea offer and proceeding to trial "would have been rational under the circumstances." Padilla, 130 S. Ct. at 1485. Accordingly, his final set of ineffective assistance claims also fails for lack of prejudice under Strickland and Hill. See Pilla, 668 F.3d at 373 (holding that "no rational defendant in Pilla's position would have proceeded to trial," where the defendant "faced overwhelming evidence of her guilt," "would have been convicted[,] and would have faced a longer term of incarceration") (internal quotation marks omitted).

## Conclusion

For the reasons stated, the court must deny Fisher's § 2255 motion. Additionally, because Fisher has failed to demonstrate "a substantial showing of the denial of a constitutional right," the court will deny a certificate of appealability. See 28 U.S.C. § 2253(c).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 3rd day of May, 2013.

*/s/ Glen Conrad*
Chief United States District Judge